UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THERESA ROBERSON, as Personal
Representative of the Estate of Alan
Martin
1320 Randolph Street, N.W.
Washington, D.C.

              Plaintiff,

    v.

THE DISTRICT OF COLUMBIA,
John A. Wilson Building
1350 Pennsylvania Avenue, N.W.
Suite 600
Washington, D.C. 20004

Martha B. Knisley, individually and in
      her official capacity as the Director
      of the Department of Mental
      Health
64 New York Avenue, N.E., 4th Floor
Washington, D.C.

Joy Holland, individually and in her
      official capacity as the C.E.O. of
      St. Elizabeths' Hospital
2700 Martin Luther King, Jr., Ave., S.E.
Washington, D.C. 20032

Dr. T. Allen Gore, individually and in his
      official capacity as the Associate
      Director of Medical Affairs, St.
      Elizabeths' Hospital
2700 Martin Luther King, Jr., Ave., S.E.
Washington, D.C. 20032

Lenore Teter, M.D., individually and in
      her official capacity as the Director
      of Psychiatric Services, St.
      Elizabeths' Hospital
2700 Martin Luther King, Jr., Ave., S.E.
Washington, D.C. 20032

Sayed Zaidi, M.D., individually and in

C.A. NO.

his official capacity as the Director
of Medical Services, St.
Elizabeths' Hospital
2700 Martin Luther King, Jr., Ave., S.E.
Washington, D.C. 20032

Wusa Jabril, R.N., individually and in
her official capacity as the Director
of Nursing, St. Elizabeths'
Hospital
2700 Martin Luther King, Jr., Ave., S.E.
Washington, D.C. 20032

Defendants.

## NOTICE OF REMOVAL

Defendants District of Columbia, Martha B. Knisley, Joy Holland, Allen T. Gore, M.D., Lenore Teter, M.D., Sayed Zaidi, M.D., and Wusa Jabril, by and through undersigned counsel, respectfully presents this Notice of Removal from the Superior Court of the District of Columbia, Civil Division, pursuant to 28 U.S.C. §1441, *et. seq.*, and states as grounds for removal:

1. Plaintiff, Theresa Roberson, has filed an action against the defendants in the Superior Court for the District of Columbia, Civil Division, Case No. 2006 CA 005950 B, alleging that the defendants "acting under color of state law deprived Alan Martin of his rights under the Due Process Clause of the Fifth and Eighth Amendments to the United States Constitution and 42 U.S.C. § 1983. (*See* Amended Complaint, at ¶ 28.)

2. This action is removable to this Court because of the existence of federal questions raised by plaintiff's Amended Complaint. Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or

residence of the parties. See 28 U.S.C. § 1441(b). In paragraphs 28 through 32 of the Amended Complaint, the plaintiff raises a federal question by asserting federal constitutional claims under the Fifth and Eighth Amendments.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received or sent by undersigned counsel in this matter are attached hereto as Exhibit 1, and incorporated by reference herein.

**WHEREFORE**, defendants pray the action now pending against them in the Superior Court for the District of Columbia, Civil Division, be removed to this Court.

Dated: May 25, 2007.                    Respectfully submitted,

LINDA SINGER
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

_____/s/Toni Michelle Jackson_____
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail: toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2007, I caused the foregoing NOTICE OF REMOVAL, to be filed with the Clerk of the D.C. Superior Court using the CaseFileXpress system, which will send notification of such filing to:

3

**William Lightfoot,**
**Koonz, McKenney, Johnson, DePaolis & Lightfoot, LLP**
**2001 Pennsylvania Avenue, N.W., Suite 450**
**Washington, D.C. 20006**

/s/Toni Michelle Jackson
TONI MICHELLE JACKSON
Assistant Attorney General

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

THERESA M ROBERSON
Vs.                                          C.A. No.      2006 CA 005950 B
DISTRICT OF COLUMBIA

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH E RETCHIN
Date:  August 4, 2006
Initial Conference: 9:30 am, Friday, November 17, 2006
Location:  Courtroom 220
        500 Indiana Avenue N.W.
        WASHINGTON, DC  20001

Caio.doc

**CA Form 1**

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Theresa Roreason
as personal rep of
estate of Alan Martin

_____ *Plaintiff*

vs.                                                  Civil Action No. 06-5950

District of Columbia
Tonia Robinson                  *Defendant*
Gail Rivers
Darlene Fields on behalf of the
Attorney general                **SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

William Lightfoot
_____
Name of Plaintiff's Attorney

2001 Pennsylvania A St 450          By _____
_____                    Deputy Clerk
Address

Wash DC 20006                        Date _____
_____
Telephone 202-659-5506

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

THERESA ROBERSON, as Personal          :
Representative of the estate of ALAN    :
MARTIN                                  :
1320 Randolph Street, N.W.              :
Washington, D.C. 20017                  :
                                        :
       **Plaintiff**                  :
                                        :
v.                                      :    **Civil Action No.**
                                        :
THE DISTRICT OF COLUMBIA                :
SERVE:                                  :
                                        :
 Patricia Elwood on behalf of the Mayor  :
 Office of the Secretary                  :
 John A. Wilson Building                  :
 1350 Pennsylvania Avenue, NW  Suite 419  :
 Washington, DC 20004                     :
                                        :
 Darlene Fields on behalf of the Attorney General  :
 Office of the Attorney General           :
 John A. Wilson Building                  :
 1350 Pennsylvania Avenue NW              :
 Suite 407                                :
 Washington, DC 20004                     :
                                        :
       **Defendant**                :

RECEIVED
Civil Clerk's Office
AUG 4 2006
Superior Court of the
District of Columbia
Washington, D.C.

SECRETARY OF D.C.
2006 OCT 23 A 9: 32

0005950-06

### COMPLAINT

Comes now the Plaintiff, Theresa Roberson, as personal representative of Alan G. Martin, by and through her attorney, Koonz, McKenney, Johnson, DePaolis & Lightfoot, and in support of this complaint allege as follows:

### JURISDICTION

1.      Jurisdiction is invoked pursuant to Code §§ 11-921, and 13-422, *et seq* as the tortuous event occurred in the District of Columbia.

LAW OFFICES
OONZ, McKENNEY,
HNSON, DePAOLIS
& LIGHTFOOT
MES MONROE BUILDING
PENNSYLVANIA AVE., N.W.
SUITE 450
SHINGTON, D.C. 20006
(202) 659-5500

## PARTIES

2.      The Plaintiff, Theresa Roberson and Alan G. Martin were at all times relevant herein residents of the District of Columbia.

3.      At all times relevant herein, the District of Columbia government owned and operated St. Elizabeth's Hospital in the District of Columbia, a hospital licensed and qualified to render medical care to psychiatric patients in the District of Columbia.

4.      At all times relevant herein, the Defendant, District of Columbia, was responsible under the doctrine of respondent superior for the negligent acts of its employees, agents and/or servants at St. Elizabeth's Hospital.

## FACTS

5.      The Decedent, Alan G. Martin, suffered from bipolar disorder and was involuntarily admitted to St. Elizabeth's Hospital on April 1, 2004 for treatment of his condition.

6.      On April 4, 2004 at approximately 6:40 a.m., the Decedent Alan G. Martin was assaulted by William Dunbar, another patient at St. Elizabeth's hospital.  Mr. Dunbar was observed throwing the plaintiff Alan G. Martin to the floor and then repeatedly stomping on his head.

7.      As a result of the injury, Decedent Alan G. Martin was transported to Howard University Hospital in Washington D.C.

8.      Subsequently, Decedent Alan G. Martin was diagnosed with a fractured skull, facial fractures and a potential broken neck.

9.      On March 12. 2005, Alan G. Martin died as a result of injuries he sustained on April 4, 2004.

## COUNT I
(Negligence)

LAW OFFICES
)ONZ, McKenney,
HNSON, DePaolis
& Lightfoot ,
AMES Monroe Building
1 Pennsylvania Ave., N.W.
Suite 450
SHINGTON, D.C. 20006

(202) 659-5500

10.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-9 as if fully stated therein.

11.     At all times material herein, Decedent Alan G. Martin was under the professional care of the Defendant District of Columbia through St. Elizabeth's Hospital and its' employees, agents and/or servants.

12.     Defendant through its employees, agents and/or servants owed Decedent Alan G. Martin a duty of reasonable care during the course of his treatment.

13.     There is a national standard of care that applies to the care and supervision of psychiatric patients such as Alan G. Martin.  This national standard of care includes, but is not limited to, the duty to properly monitor and supervise patients in order to avoid foreseeable injury to the plaintiff from other patients.

14.     Defendant breached the national standard of care by acts and/or omissions including but not limited to failing to provide adequate care and supervision for the Decedent, and by failing to take all reasonable, appropriate and timely measures to prevent injury to the Decedent from other psychiatric patients.

15.     The Defendant's negligent acts and omissions were a proximate and substantial contributing cause of the severe and permanent injuries suffered by Decedent, including, but not limited to a fractured skull, facial fractures, back and neck injuries and brain damage.  These injuries have required hospital, surgical, nursing and other medical care in the past and are expected to require additional care and services in the future.  Decedent Alan G. Martin has incurred substantial medical expenses as a result of his injuries.

LAW OFFICES
)ONZ, McKenney,
HNSON, DePaolis
& Lightfoot
AMES Monroe Building
I Pennsylvania Ave., N.W.
Suite 450
SHINGTON, D.C. 20006

(202) 659-5500

3

WHEREFORE, Plaintiff Theresa Roberson, as personal representative of the Estate of Alan G. Martin, demands judgment against Defendant, the District of Columbia, in the full and just amount of two million ($2,000,000.00) dollars.

COUNT II
(Negligent Hiring, Training and Supervision)

16.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-15 as if fully stated herein.

17.    At all times material herein, Decedent Alan G. Martin was under the professional care of the Defendant District of Columbia through its employees, agents and/or servants.

18.    Defendant had a duty to exercise reasonable care in the hiring, training and supervision of its employees.

19.    There is a national standard of care which applies to the hiring, training and supervision of individuals employed in the care, treatment and supervision of psychiatric patients. Defendant, by and through its employees, agents and/or servants, breached the national standard of care by acts and/or omissions including, but not limited to failing to properly and sufficiently staff its hospital with appropriate individuals, failing to properly and adequately train its employees in the care, treatment and supervision of psychiatric patients, and failing to provide appropriate and adequate supervision of its hospital employees.

20.    Defendant's negligent acts and omissions were a proximate and substantial contributing cause of the severe and permanent injuries suffered by Decedent Alan G. Martin, including, but not limited to severe and permanent injuries, a fractured skull, facial fractures, back and neck injuries and brain damage. These injuries have required hospital, surgical, nursing and other medical care in the past and are expected to require additional care and services in the future. Plaintiff Alan G. Martin has incurred substantial medical expenses as a result of his injuries.

LAW OFFICES
IONZ, McKENNEY,
INSON, DePAOLIS
& LIGHTFOOT
MES MONROE BUILDING
PENNSYLVANIA AVE., N.W.
SUITE 450
HINGTON, D.C. 20006
(202) 659-5500

WHEREFORE, Plaintiff Theresa Roberson, as personal representative of the Estate of Alan G. Martin, demands judgment against Defendant, the District of Columbia, in the full and just amount of two million ($2,000,000.00) dollars.

<u>COUNT III</u>
(Survival Action)

21.    Plaintiff incorporates by reference paragraphs 1-20 as set forth above and further alleges that this action arises under the District of Columbia Survival Statute, Title 12, §101 <u>et seq.</u> of the District of Columbia Code, and is brought by Theresa Roberson as the personal representative of the estate of Alan G. Martin, deceased.

22. As a direct and proximate result of the Defendant's negligent acts and omissions, the estate of the decedent has been deprived of all probable future earnings of the decedent.

23. As a further direct and proximate result of the negligent acts and omissions of the defendant the decedent sustained permanent injuries, mental anguish, and pain and suffering prior to his death.

WHEREFORE, , Plaintiff Theresa Roberson, as personal representative of the Estate of Alan G. Martin, demands judgment against Defendant, the District of Columbia, in the full and just amount of two million ($2,000,000.00) dollars.

Respectfully Submitted,

By: _____

William P. Lightfoot #313593
Paulette E. Chapman #416437
Kelly J. Fisher #488431
KOONZ, McKENNEY, JOHNSON,
 DePAOLIS & LIGHTFOOT, LLP
2001 Pennsylvania Avenue, N.W., Suite 450

LAW OFFICES
OONZ, McKENNEY,
HNSON, DePAOLIS
& LIGHTFOOT
IIES MONROE BUILDING
I PENNSYLVANIA AVE., N.W.
SUITE 450
SHINGTON, D.C. 20006

(202) 659-5500

5

Washington, D.C. 20006
202-659-5500
202-785-3719 (fax)
wlightfoot@koonz.com

Attorney for Plaintiffs

JURY TRIAL DEMANDED:

*William Lightfoot* WPL

William P. Lightfoot

LAW OFFICES
OONZ, McKENNEY,
HNSON, DEPAOLIS
& LIGHTFOOT
AMES MONROE BUILDING
I PENNSYLVANIA AVE., N.W.
SUITE 450
SHINGTON, D.C. 20006
(202) 659-5500

6

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

THERESA ROBERSON, as Personal Representative
of the Estate of Alan Martin
        Plaintiff,

vs.                                    Case Number: 06-5950

THE DISTRICT OF COLUMBIA
        Defendant.

FILED
CIVIL ACTIONS BRANCH
NOV 0 1 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

AFFIDAVIT SERVICE BY SPECIAL PROCESS SERVER

I, Andre W. Keith, having been duly authorized to make service of
the Summons and Complaint in the above entitled case, hereby
declare and says:

   That my age and date of birth are as follows: 8-31-61
   That my business address is: 1115 Mass. Ave., NW, Wash., DC.
   That I am not a party to or otherwise interested in this case.

   That at 9:57 am on the 1st day of November, 2006, I personally
served a Reissued Summons, Complaint, Initial Order, Order
Granting Extension of Service, Interrogatories to DC and Request
for Production of Documents To DC upon The District of Columbia
by delivering the same to Tabatha Braxton on behalf of the Mayor
at 1350 Pennsylvania Ave., NW Suite 407, Washington, DC 20004.

DESCRIPTION: Black female, black/brownish hair, 5'6", 135 lbs.,
             40, medium complexion

_____
Andre W. Keith

Subscribed and Sworn to before me this 1st day of November,
2006.

_____
Notary Public - DC

My Commission Expires: 12-14-10

Case: 2006_CA_005950_B
Dkt: CIVASSC

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

FILED
CIVIL ACTIONS BRANCH
NOV 0 1 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

THERESA ROBERSON, as Personal Representative
of the Estate of Alan Martin
     Plaintiff,

vs.

                        Case Number: 06-5950

THE DISTRICT OF COLUMBIA
     Defendant.

## AFFIDAVIT SERVICE BY SPECIAL PROCESS SERVER

I, Andre W. Keith, having been duly authorized to make service of the Summons and Complaint in the above entitled case, hereby declare and says:

    That my age and date of birth are as follows: 8-31-61
    That my business address is: 1115 Mass. Ave., NW, Wash., DC.
    That I am not a party to or otherwise interested in this case.

    That at 10:40 am on the 1st day of November, 2006, I personally served a Reissued Summons, Complaint, Initial Order, Order Granting Extension of Service, Interrogatories to DC and Request for Production of Documents To DC upon The District of Columbia by delivering the same to Darlene Fields on behalf of Office of Attorney General at 441 4th Street, NW, 6th Floor, Washington, DC 20001.

DESCRIPTION: Black female, black hair, 5'7", 150 lbs., 40's
                 glasses, medium complexion

                                              Andre W. Keith

Subscribed and Sworn to before me this ___ day of November, 2006.

                                        Notary Public / DC

My Commission Expires: 12-14-10

Case: 2006 CA 005950 B
Ret: CIPASSC

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| THERESA ROBERSON, as Personal Representative of the estate of ALAN MARTIN | : | |
|       Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 06-5950 |
| | : | Judge Retchin |
| THE DISTRICT OF COLUMBIA | : | Next Event: Status 11/17/03 |
| | : | |
|       Defendant | : | |

*[Stamp: RECEIVED Civil Clerk's Office OCT 0 3 2006 Superior Court of the District of Columbia Washington, D.C.]*

## PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE AND TO RESCHEDULE THE STATUS HEARING

COMES NOW, Plaintiff Theresa Roberson, by and through the undersigned counsel, files this Motion seeking to extend time for service by 60 days and to reschedule the status hearing currently set for November 17, 2006. As is more fully explained in the accompanying Memorandum of Points and Authorities, Plaintiff needs additional time to locate and serve the Defendant. Plaintiff had attempted service via certified mail but has not received confirmation that the service was accepted. Plaintiff needs more time to affect service. Plaintiff will hire a process server to personally serve the Defendant. The Defendant will not suffer any prejudice by extending the time for service.

Respectfully submitted,
KOONZ, MCKENNEY, JOHNSON,
DEPAOLIS & LIGHTFOOT

William P. Lightfoot #313593
Paulette E. Chapman #416437
Kelly J. Fisher, #488431
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, D.C. 20006
(202) 659-5500
Attorneys for Plaintiff

LAW OFFICES
ONZ, MCKENNEY,
INSON, DEPAOLIS
& LIGHTFOOT
4ES MONROE BUILDING
PENNSYLVANIA AVE., N.W.
SUITE 450
HINGTON, D.C. 20006
202) 659-5500

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

THERESA ROBERSON, as Personal :
Representative of the estate of ALAN :
MARTIN :
        **Plaintiff** :
         :
v. :
         : **Civil Action No. 06-5950**
         : **Judge Retchin**
THE DISTRICT OF COLUMBIA : **Next Event: Status 11/17/03**
         :
        **Defendant** :
         :

### <u>MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE AND TO RESCHEDULE THE STATUS HEARING</u>

Pursuant to Rule 4 (m) Plaintiff is seeking a 60 day extension of time to serve the Complaint filed on August 4, 2006. This is Plaintiff's first request for an extension.

Plaintiff's efforts to serve the Defendants are described below.

1.    On August 29, 2006, Plaintiff attempted to serve Defendant District of Columbia by certified mail. Specifically, Plaintiff served Darlene Fields, designee to accept service on behalf of the Attorney General, and Patricia Elwood, designee to accept service on behalf of the Mayor.

2.    Plaintiff has never received confirmation that the service was accepted. Plaintiff called Darlene Fields on October 2, 2006 to see if they had received the Complaint. Plaintiff was informed that the Complaint was in the computer. When Plaintiff asked if she would confirm receipt of the Complaint Ms. Fields said she could not because there was no proof that the Complaint was personally served on her.

LAW OFFICES
ONZ, McKENNEY,
HNSON, DePAOLIS
& LIGHTFOOT
MES MONROE BUILDING
PENNSYLVANIA AVE., N.W.
SUITE 450
HINGTON, D.C. 20006
(202) 659-5500

3.      Plaintiff also called Patricia Elwood on October 2, 2006.  As of the filing on this motion, Plaintiff has not received any confirmation that Ms. Elwood received the Complaint.

4.      Plaintiff requests additional time to serve the District of Columbia.  Plaintiff will hire a process server to personally serve the Defendant, thus ensuring proper service.

5.      Plaintiff also asks that the November 17, 2003 initial scheduling conference be rescheduled to allow Plaintiff time to serve the Defendant and to allow the Defendant an opportunity to file an Answer.

WHEREFORE, Plaintiff respectfully requests that the Court grant her Motion to Extend Time for Service and to Reschedule the Status Hearing.  A proposed order is attached.

Respectfully submitted,
KOONZ, MCKENNEY, JOHNSON,
DEPAOLIS & LIGHTFOOT

William P. Lightfoot #313593
Paulette E. Chapman #416437
Kelly J. Fisher, #488431
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, D.C. 20006
(202) 659-5500
Attorneys for Plaintiff

LAW OFFICES
ONZ, MCKENNEY,
NSON, DEPAOLIS
& LIGHTFOOT
MES MONROE BUILDING
PENNSYLVANIA AVE., N.W.
SUITE 450
HINGTON, D.C. 20006
(202) 659-5500

3

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

THERESA ROBERSON, as Personal
Representative of the estate of ALAN
MARTIN                                          :
        Plaintiff                         :
                               :
                               :
v.                                              :
                               : Civil Action No. 06-5950
THE DISTRICT OF COLUMBIA                        : Judge Retchin
                               : Next Event: Status 11/17/03
        Defendant                         :
                               :

### ORDER
### (10-6-06)

Upon consideration of Plaintiff's Motion to Extend Time for Service and to

Reschedule the Status Hearing, it is this _6_ day of October, 2006

    **ORDERED** that Plaintiffs' Motion is **GRANTED**, and it is

    **FURTHER ORDERED** that Plaintiffs may have until December 6, 2006 to serve

the Defendant in the above captioned case, and it is

    **FURTHER ORDERED** that the initial scheduling conference set for November

17, 2006 is rescheduled to _January 19, 2007 at 9:30 am in Courtroom 220._

                                 _____
                                 Judge Retchin

Copies to:

William P. Lightfoot, Esquire
Koonz, McKenney, Johnson,
  DePaolis & Lightfoot, LLP
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, D.C. 20006

LAW OFFICES
IZ, McKENNEY,
SON, DePAOLIS
LIGHTFOOT
MONROE BUILDING
NNSYLVANIA AVE., N.W.
SUITE 450
IGTON, D.C. 20006
2) 659-5500

Order docketed _10/6/06_ and copies
mailed from chambers to Parties
indicated above on _10/6/06_.

                            4

Case: 2006 CA 005950 B

# SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

THERESA ROBERSON, as Personal
Representative of the estate of ALAN
MARTIN
  **Plaintiff**

v.

THE DISTRICT OF COLUMBIA

  **Defendant**

    :  **Civil Action No. 06-5950**
    :  **Judge Retchin**
    :  **Next Event: Status 11/17/03**

## CERTIFICATE REGARDING DISCOVERY

I hereby certify that I served a copy of Plaintiff's First Set of Request for Production of Documents to Defendant District of Columbia, on the 18th day of October with a copy of the Complaint  I will retain the original of this document(s) in my possession, without alteration, until the case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

KOONZ, MCKENNEY, JOHNSON,
DEPAOLIS & LIGHTFOOT, LLP

William P. Lightfoot   #313593
Paulette E. Chapman  #416437
Kelly J. Fisher     #488431
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, D.C. 20006
(202) 659-5500
wlightfoot@koonz.com

LAW OFFICES
KOONZ, MCKENNEY, JOHNSON, DEPAOLIS & LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006
(202) 659-5500

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of October copies of the foregoing Plaintiff's First Set of Request for Production to Defendant District of Columbia and Certificate Regarding Discovery were sent certified mail to:

*Tabitha Braaton KF*

~~Patricia Elwood~~ on behalf of the Mayor
Office of the Secretary
John A. Wilson Building
1350 Pennsylvania Avenue, NW, Suite 419
Washington, DC 20004

Darlene Fields on behalf of the Attorney General
Office of the Attorney General
John A. Wilson Building
1350 Pennsylvania Avenue NW
Suite 407
Washington, DC 20004

Kelly J. Fisher

LAW OFFICES
OONZ, McKENNEY,
DHNSON, DePAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
)1 PENNSYLVANIA AVE., N.W.
SUITE 450
ASHINGTON, D.C. 20006
(202) 659-5500

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| THERESA ROBERSON, as Personal Representative of the estate of ALAN MARTIN | : |
| **Plaintiff** | : |
| | : |
| | : |
| v. | : Civil Action No. 06-5950 |
| | : Judge Retchin |
| THE DISTRICT OF COLUMBIA | : Next Event: Status 11/17/03 |
| | : |
| **Defendant** | : |
| | : |

## CERTIFICATE REGARDING DISCOVERY

I hereby certify that I served a copy of Plaintiffs' First Set of Interrogatories to Defendant District of Columbia on 18th day of October 2006 with the Complaint. I will retain the original of this document(s) in my possession, without alteration, until the case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

KOONZ, MCKENNEY, JOHNSON, DEPAOLIS & LIGHTFOOT, L.L.P.

William P. Lightfoot #313593
Paulette E. Chapman #416437
Kelly J. Fisher #488431
2001 Pennsylvania Avenue, N.W.,
Suite 450
Washington, D.C. 20006
wlightfoot@koonz.com
Telephone: (202) 659-5500
Facsimile: (202) 785-3719

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of October copies of Plaintiffs' First Set of Interrogatories to Defendant District of Columbia and Certificate Regarding Discovery were served, via certified mail on:

Tabitha Braxton *KF*
~~Patricia Elwood~~ on behalf of the Mayor
Office of the Secretary
John A. Wilson Building
1350 Pennsylvania Avenue, NW, Suite 419
Washington, DC 20004

Darlene Fields on behalf of the Attorney General
Office of the Attorney General
John A. Wilson Building
1350 Pennsylvania Avenue NW
Suite 407
Washington, DC 20004

Kelly J. Fisher

KMJDL #30626

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
X01 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

RECEIVED

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

2006 DEC 11 P 7: 01

DISTRICT OF C **RETURN COPY**
COURTS

| | |
|---|---|
| THERESA ROBERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Civil No. 06-0005950** |
| v. | ) **Calendar No. 2** |
| | ) **Judge Judith Retchin** |
| DISTRICT OF COLUMBIA, | ) **Next Event: Initial Scheduling Conference** |
| | ) **January 19, 2007** |
| Defendant. | ) |
| | ) |

**DEFENDANT DISTRICT OF COLUMBIA'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant District of Columbia ("District"), by and through undersigned counsel, hereby answers the Complaint in the above-captioned matter. The District asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The District states the following in response to the individually numbered paragraphs in the Complaint.

**JURISDICTION**

1. The allegations asserted in paragraph 1 of the Complaint are a legal conclusion to which no response is required. The District acknowledges the statutes cited in paragraph 1 of the Complaint, but does not admit that jurisdiction necessarily is conferred therefrom.

## PARTIES

2. The District is without sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint.

3. The District admits the allegations contained in paragraph 3 of the Complaint.

4. The allegations asserted in paragraph 4 of the Complaint are legal conclusions to which no response is required. The District denies all other factual allegations contained in paragraph 4 and demands strict proof thereof at trial.

## FACTS

5. The District admits the allegations contained in paragraph 5 of the Complaint.

6. The District admits the allegations contained in paragraph 6 of the Complaint.

7. The District admits the allegations contained in paragraph 7 of the Complaint.

8. The District admits the allegations contained in paragraph 8 of the Complaint.

9. The District admits that Mr. Martin died on March 12, 2005. The District denies all other factual allegations contained in paragraph 9 and demands strict proof thereof at trial.

## COUNT I:  NEGLIGENCE

10. In response to paragraph 10, the District incorporates its answers to paragraphs 1 through 9 as stated above.

11. The District admits that between April 1, 2004 through April 4, 2004, decedent Alan E. Martin was under the professional care of the District of Columbia through St. Elizabeth's Hospital.

2

12. The allegations asserted in paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 12 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

13. The allegations asserted in paragraph 13 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 13 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

14. The allegations asserted in paragraph 14 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 14 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

15. The allegations asserted in paragraph 15 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 15 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

## COUNT II:  NEGLIGENT HIRING, TRAINING AND SUPERVISION

16. In response to paragraph 16, the District incorporates its answers to paragraphs 1 through 15 as stated above.

17. The District admits that between April 1, 2004 through April 4, 2004, decedent Alan E. Martin was under the professional care of the District of Columbia through St. Elizabeth's Hospital.

18. The allegations asserted in paragraph 18 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 18 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

19. The allegations asserted in paragraph 19 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 19 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

20. The allegations asserted in paragraph 20 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 20 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

## COUNT III:  SURVIVAL ACTION

21. In response to paragraph 21, the District incorporates its answers to paragraphs 1 through 20 as stated above.  The District acknowledges the statute cited in paragraph 21 of the Complaint, but does not admit that jurisdiction necessarily is conferred therefrom.

22. The allegations asserted in paragraph 22 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 22 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

23. The allegations asserted in paragraph 23 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 23 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

**FURTHER ANSWERING**, the District denies all allegations of wrongdoing, intentional, negligent or otherwise, not specifically denied or otherwise responded to herein.

### THIRD DEFENSE

If decedent was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from decedent's own willful conduct or contributory negligence.

4

## FOURTH DEFENSE

If decedent was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred, because the decedent assumed the risk of such injuries.

## FIFTH DEFENSE

If the decedent was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

## SIXTH DEFENSE

If decedent was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

## SEVENTH DEFENSE

The District, its agents, servants, and/or employees acting within the course and scope of their employment, performed their obligations, if any, toward decedent in accord with all applicable statutory, regulatory, constitutional, and common law requirements.

## EIGHTH DEFENSE

All actions performed by the District, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

### NINTH DEFENSE

The District, its agents, servants, and/or employees acting within the course and scope of their employment, acted in good faith and with the reasonable belief that those acts were lawful under the circumstances.

### TENTH DEFENSE

The District and/or its agents, servants, employees acting within the scope of their employment may be immune from liability under the doctrines of sovereign immunity, governmental immunity, privilege and/or official immunity.

### ELEVENTH DEFENSE

Plaintiff might have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

### TWELFTH DEFENSE

Plaintiff may have failed to mitigate damages.

### THIRTEENTH DEFENSE

The District is not liable for the unforeseeable, intervening criminal acts of third parties.

### FOURTEENTH DEFENSE

Plaintiff's claim might be barred by the applicable statute of limitations.

**THE DISTRICT** reserves the right to Amend its Answer.

### SET-OFF

The District asserts a set-off for all funds and services provided to the decedent through Medicare, Medicaid, public assistance or other sources.

6

**JURY DEMAND**

The District hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, the District prays the Court dismiss the Complaint and award it the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2006, I caused the foregoing

Answer to Plaintiff's Complaint to be sent to plaintiff, by mailing the foregoing first-class,

postage prepaid, to:

William P. Lightfoot, Esquire
Paulette E. Chapman, Esquire
Koonz, McKenney, Johnson, DePaolis, & Lightfoot, LLP
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, D.C. 20006

TONI MICHELLE JACKSON
Assistant Attorney General

8

# Superior Court of the District of Columbia
## Civil Division -- Washington, D.C. 20001
### SCHEDULING ORDER FOR THE

**FILED**
**IN OPEN COURT**

OFFICE OF THE
ATTORNEY GENERAL FOR THE

**2007 JAN 1 9 2006**

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Case Number: <u>**2006 CA 005950 B**</u>

CIVIL LITIGATION

<u>**THERESA M ROBERSON Vs. DISTRICT OF COLUMBIA**</u>

This ORDER may not be modified except by leave of Court upon a showing of good cause; stipulations between counsel shall not be effective to change any deadlines in the order absent court approval. Failure to comply with all terms may result in dismissal, default judgment, refusal to let witnesses testify, refusal to admit exhibits, the assessment of costs and expenses, including attorney's fees, or other sanctions.

January 19, 2007
Date: _____

_____
JUDGE JUDITH E RETCHIN

---

ADR Selected:  Mediation ☒        Case Evaluation ☐

---

Track 2 - Mediation

| | |
|---|---|
| **DEADLINE FOR DISCOVERY REQUESTS** | 03/20/2007 |
| **EXCHANGE WITNESS LISTS** | 03/20/2007 |
| **PROPONENT'S RULE 26(B) (4) STATEMENT** | 03/20/2007 |
| **OPPONENT'S RULE 26(B) (4) STATEMENT** | 04/19/2007 |
| **DISCOVERY CLOSED** | 05/21/2007 |
| **DEADLINE FOR FILING MOTIONS** | 06/04/2007 |
| **DISPOSITIVE MOTIONS DECIDED** | 07/03/2007 |
| **ADR  (MEDIATION/CASE EVALUATION)** | 07/18/2007-09/17/2007 |
| **PRETRIAL** | (TO BE SET UPON COMPLETION OF ADR) |

**(A Joint Pretrial Statement is required unless otherwise ordered by the Court.)**

Please **check** names of parties for accuracy and **verify** your own **name, address and telephone number**; write any correction and initial it.  Each attorney and pro se party **MUST INITIAL to acknowledge receipt of this Order.**

<u>**PARTY**</u>          <u>**NAME  /    ADDRESS     / BAR NUMBER**</u>

<u>PLAINTIFF</u>        THERESA M ROBERSON  1320 RANDOLPH ST NE   WASHINGTON  DC 20017
                Mr WILLIAM P LIGHTFOOT  2001 Pennsylvania Avenue NW Suite 450   WASHINGTON  DC 20006

313593

<u>Defendant</u>    DISTRICT OF COLUMBIA  1350 Pennsylvania Avenue, NW  WASHINGTON DC 20004
                Ms TONI M JACKSON   441 Fourth Street NW Suite 6S052   WASHINGTON  DC 20001   453765

CASCHORD.DOC
1/19/2007

# Superior Court of the District of Columbia

### Civil Division -- Washington, D.C. 20001

## SCHEDULING ORDER

Case Number: <u>**2006 CA 005950 B**</u>

## THERESA M ROBERSON Vs. DISTRICT OF COLUMBIA

**FILE COPY**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | | |
|---|---|---|
| THERESA ROBERSON, as Personal Representative of the estate of ALAN MARTIN<br>Plaintiff, | ) ) ) ) ) | C.A. No. 06-5950<br>Judge Retchin |
| v. | ) | |
| DISTRICT OF COLUMBIA, | ) ) | |
| Defendant. | ) ) | |

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on this  01 day of February, 2007, I served the Plaintiff with Defendant District of Columbia's Responses to Plaintiff's Requests for Production of Documents, by mailing the same, first class postage prepaid, to:

> William P. Lightfoot, Esquire
> Koonz, McKenney, Johnson,
> DePaolis & Lightfoot, L.L.P.
> 2001 Pennsylvania Avenue, N.W.,  Suite 450
> Washington, D.C. 2006.

I will retain the original of these documents in my possession, without alteration, until this case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

LINDA SINGER
Acting Attorney General,
for the District of Columbia

GEORGE VALENTINE

Deputy Attorney General
Civil Litigation Division

NICOLE LYNCH [479153]
Section Chief, Civil Division,
Section II

By:

TONI M. JACKSON [453765]
Assistant Attorney General
Judiciary Square, Room 6S 052
441 4th Street, N.W.
Washington, D.C. 20001
Direct Line: (202)-724-6602
Facsimile: (202) 727-3625
Email: Toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 01, 2007, I caused a copy of the foregoing **DEFENDANT DISTRICT OF COLUMBIA'S CERTIFICATE REGARDING DISCOVERY** to be served by first class mail, postage prepaid, to:

William Lightfoot, Esquire
Koonz, McKenney, Johnson, DePaolis
& Lightfoot, LLP
2001 Pennsylvania Avenue, N.W, Suite 450,
Washington, D.C. 20006.

TONI M. JACKSON
**Assistant Attorney General**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| **THERESA ROBERSON, as Personal Representative of the estate of ALAN MARTIN** <br> **Plaintiff,** <br><br> **v.** <br><br> **DISTRICT OF COLUMBIA,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**C.A. No. 06-5950**
**Judge Retchin**

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on this 22nd day of January, 2007, I served the Plaintiff with

Defendant District of Columbia's responses and objections to Requests for Productions of

Documents, by mailing same, first class postage prepaid, to upon counsel for plaintiff,

> William Lightfoot, Koonz, McKenney,
> Johnson, DePaolis & Lightfoot, LLP
> 2001 Pennsylvania Avenue, N.W.,
> Suite 450,
> Washington, D.C. 20006.

I will retain the original of these documents in my possession, without alteration, until

this case is concluded in this Court, the time for noting an appeal has expired, and any appeal

noted has been decided.

Respectfully submitted,

LINDA SINGER
Acting Attorney General, for the District of
Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

NICOLE LYNCH [479153]
Section Chief, Civil Division, Section II

By:

TONI M. JACKSON [452765]
Assistant Attorney General
Judiciary Square, Room 6S 052
441 4th Street, N.W.
Washington, D.C. 20001
Direct Line: (202)-724-6602
Facsimile: (202) 727-3625
Email: Toni.jackson@dc.gov

## Certificate of Service

I hereby certify that on January 22 , 2007, I caused a copy of the foregoing **Defendant District of Columbia's Answers to Plaintiff's First Set of Interrogatories** to be served by first class mail, postage prepaid, upon counsel for plaintiff,

William Lightfoot, Koonz, McKenney,
Johnson, DePaolis & Lightfoot, LLP
2001 Pennsylvania Avenue, N.W.,
Suite 450,
Washington, D.C. 20006.

**TONI M. JACKSON**
**Assistant Attorney General**

*Was there a police report?*

*Police reports are the only Doc. by Fein v. DC accepted 697 A 2d 23 @ alt.*

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
CIVIL CLERK'S OFFICE
JAN 2 3 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

| | |
|---|---|
| THERESA ROBERSON, as Personal Representative of the estate of ALAN MARTIN <br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

C.A. No. 06-5950
Judge Retchin

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on this 23nd day of January, 2007, I served the Plaintiff with

**Defendant District of Columbia's Answers to Plaintiff's First Set of Interrogatories**, by

mailing same, first class postage prepaid, to upon counsel for plaintiff,

> William Lightfoot, Koonz, McKenney,
> Johnson, DePaolis & Lightfoot, LLP
> 2001 Pennsylvania Avenue, N.W.,
> Suite 450,
> Washington, D.C. 20006.

I will retain the original of these documents in my possession, without alteration, until

this case is concluded in this Court, the time for noting an appeal has expired, and any appeal

noted has been decided.

> Respectfully submitted,
>
> LINDA SINGER
> Acting Attorney General, for the District of
> Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

NICOLE LYNCH [479153]
Section Chief, Civil Division, Section II

By:

TONI M. JACKSON [453765]
Assistant Attorney General
Judiciary Square, Room 6S 052
441 4th Street, N.W.
Washington, D.C.  20001
Direct Line: (202)-724-6602
Facsimile: (202) 727-3625
Email: Toni.jackson@dc.gov

## Certificate of Service

I hereby certify that on January 23 , 2007, I caused a copy of the foregoing **Defendant District of Columbia's Answers to Plaintiff's First Set of Interrogatories** to be served by first class mail, postage prepaid, upon counsel for plaintiff,

William Lightfoot, Koonz, McKenney,
Johnson, DePaolis & Lightfoot, LLP
2001 Pennsylvania Avenue, N.W.,
Suite 450,
Washington, D.C. 20006.

TONI M. JACKSON
Assistant Attorney General

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
CIVIL CLERK'S OFFICE
JAN 2 3 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

| | |
|---|---|
| THERESA ROBERSON, as Personal Representative of the estate of ALAN MARTIN Plaintiff, | ) ) ) ) ) ) |
| v. | ) ) |
| DISTRICT OF COLUMBIA, | ) ) |
| Defendant. | ) ) ) |

C.A. No. 06-5950
Judge Retchin

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on this 23nd day of January, 2007, I served the Plaintiff with

**Defendant District of Columbia's Answers to Plaintiff's First Set of Interrogatories**, by

mailing same, first class postage prepaid, to upon counsel for plaintiff,

> William Lightfoot, Koonz, McKenney,
> Johnson, DePaolis & Lightfoot, LLP
> 2001 Pennsylvania Avenue, N.W.,
> Suite 450,
> Washington, D.C. 20006.

I will retain the original of these documents in my possession, without alteration, until

this case is concluded in this Court, the time for noting an appeal has expired, and any appeal

noted has been decided.

Respectfully submitted,

LINDA SINGER
Acting Attorney General, for the District of
Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

NICOLE LYNCH [479153]
Section Chief, Civil Division, Section II

By:        TONI M. JACKSON [453765]
Assistant Attorney General
Judiciary Square, Room 6S 052
441 4th Street, N.W.
Washington, D.C. 20001
Direct Line: (202)-724-6602
Facsimile: (202) 727-3625
Email: Toni.jackson@dc.gov

## Certificate of Service

I hereby certify that on January 23 , 2007, I caused a copy of the foregoing **Defendant District of Columbia's Answers to Plaintiff's First Set of Interrogatories** to be served by first class mail, postage prepaid, upon counsel for plaintiff,

William Lightfoot, Koonz, McKenney,
Johnson, DePaolis & Lightfoot, LLP
2001 Pennsylvania Avenue, N.W.,
Suite 450,
Washington, D.C. 20006.

TONI M. JACKSON
Assistant Attorney General



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION



THERESA ROBERSON, as Personal )
Representative of the estate of )
ALAN MARTIN )
        Plaintiff, )
                    )      **C.A. No. 06-5950**
                    )      **Judge Retchin**
   v. )
                    )
DISTRICT OF COLUMBIA, )
                    )
     Defendant. )
                    )

**RECEIVED**
**CIVIL CLERK'S OFFICE**
**FEB 0 1 2007**
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

### CERTIFICATE REGARDING DISCOVERY

    I HEREBY CERTIFY that on this  01 day of February, 2007, I served the Plaintiff with

Defendant District of Columbia's Responses to Plaintiff's Requests for Production of

Documents, by mailing the same, first class postage prepaid, to:

> William P. Lightfoot, Esquire
> Koonz, McKenney, Johnson,
> DePaolis & Lightfoot, L.L.P.
> 2001 Pennsylvania Avenue, N.W.,  Suite 450
> Washington, D.C. 2006.

    I will retain the original of these documents in my possession, without alteration, until

this case is concluded in this Court, the time for noting an appeal has expired, and any appeal

noted has been decided.

                                              Respectfully submitted,

                                            LINDA SINGER
                                            Acting Attorney General,
                                            for the District of Columbia

                                            GEORGE VALENTINE

COPY

Deputy Attorney General
Civil Litigation Division

NICOLE LYNCH [479153]
Section Chief, Civil Division,
Section II

By: _____

TONI M. JACKSON [453765]
Assistant Attorney General
Judiciary Square, Room 6S 052
441 4th Street, N.W.
Washington, D.C. 20001
Direct Line: (202)-724-6602
Facsimile: (202) 727-3625
Email: Toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 01, 2007, I caused a copy of the foregoing **DEFENDANT**

**DISTRICT OF COLUMBIA'S CERTIFICATE REGARDING DISCOVERY** to be served

by first class mail, postage prepaid, to:

> William Lightfoot, Esquire
> Koonz, McKenney, Johnson, DePaolis
> & Lightfoot, LLP
> 2001 Pennsylvania Avenue, N.W, Suite 450,
> Washington, D.C. 20006.

_____

**TONI M. JACKSON**
**Assistant Attorney General**



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**



THERESA ROBERSON, as Personal )
Representative of the estate of )
ALAN MARTIN )
       Plaintiff, )     C.A. No. 06-5950
                  Judge Retchin
    v.

DISTRICT OF COLUMBIA,
       Defendant

RECEIVED
CIVIL CLERK'S OFFICE
FEB 0 1 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

## <u>CERTIFICATE REGARDING DISCOVERY</u>

I HEREBY CERTIFY that on this 01 day of February, 2007, I served the Plaintiff with

Defendant District of Columbia's Responses to Plaintiff's Requests for Production of

Documents, by mailing the same, first class postage prepaid, to:

> William P. Lightfoot, Esquire
> Koonz, McKenney, Johnson,
> DePaolis & Lightfoot, L.L.P.
> 2001 Pennsylvania Avenue, N.W., Suite 450
> Washington, D.C. 2006.

I will retain the original of these documents in my possession, without alteration, until

this case is concluded in this Court, the time for noting an appeal has expired, and any appeal

noted has been decided.

                                   Respectfully submitted,

                                   LINDA SINGER
                                   Acting Attorney General,
                                   for the District of Columbia

                                   GEORGE VALENTINE

Deputy Attorney General
Civil Litigation Division

NICOLE LYNCH [479153]
Section Chief, Civil Division,
Section II

By: *[signature]*

TONI M. JACKSON [453765]
Assistant Attorney General
Judiciary Square, Room 6S 052
441 4th Street, N.W.
Washington, D.C.  20001
Direct Line: (202)-724-6602
Facsimile: (202) 727-3625
Email: Toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 01, 2007, I caused a copy of the foregoing **DEFENDANT DISTRICT OF COLUMBIA'S CERTIFICATE REGARDING DISCOVERY** to be served by first class mail, postage prepaid, to:

William Lightfoot, Esquire
Koonz, McKenney, Johnson, DePaolis
& Lightfoot, LLP
2001 Pennsylvania Avenue, N.W, Suite 450,
Washington, D.C. 20006.

*[signature]*

**TONI M. JACKSON**
**Assistant Attorney General**

OFFICE OF THE
ATTORNEY GENERAL FOR THE

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

2008 FEB 12 P 1:43

THERESA ROBERSON,

                    Plaintiff,

        v.

DISTRICT OF COLUMBIA,

                    Defendant.

C.A. NO. 06-5950
JUDGE RETCHIN
NEXT EVENT:  DISCOVERY CLOSES
5/21/2007

## STIPULATED PROTECTIVE ORDER

Pursuant to SCR—Civil 26(c), and it appearing that discovery in this action is likely to involve the disclosure of Confidential Information, IT IS HEREBY STIPULATED AND ORDERED as follows:

1.    This Order will govern Confidential Information in this action and shall apply to all information, documents, and things subject to discovery in this action, whether produced by any party or non-party, including, without limitation, documents and information produced pursuant to SCR—Civil 26, testimony adduced at depositions upon oral examination or written questions pursuant to Rules 30 and 31, answers to Interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36, and any portion of any Court papers that quote from any of the foregoing.

2.    Any party or other person (including non-parties) producing or furnishing documents or information to another party that is confidential pursuant to federal or District of Columbia law may designate any document, material or information as CONFIDENTIAL if such party in good faith believes that such designation is necessary

Order dated this 2-1-07
mailed from chambers to Parties
indicated above on 2-8-07.

5


Case: 2006 CA 005950 B
0002790569

to protect confidential information protected under SCR—Civil 26(c). The designation by any person of any record, document, material or information as CONFIDENTIAL shall constitute a representation that such record, document, material or information has been reviewed by an attorney and that, in such counsel's opinion, there is a good faith basis for such designation. Any records, documents, information and transcripts so designated are hereinafter referred to as Confidential Information.

3.    All Confidential Information disclosed, furnished or submitted in this litigation, either voluntarily or pursuant to Court Order, prior to or subsequent to the execution of this Protective Order, by or on behalf of any party or non-party to this action, shall be used only in connection with pretrial proceedings, preparation for trial, trial, and any appeals or other proceedings in this action unless the person who is the subject of such confidential material, or that person's legal guardian or personal representative, if applicable, authorizes its use for any other particular purpose or as authorized by the Protection and Advocacy of Individuals with Mental Illness Act, 42 U.S.C. §§ 10801-10851. No Confidential Information shall be used to retaliate against any individual.

4.    When the parties file pleadings, briefs and declarations in support of such briefs that contain Confidential Information, the parties must ensure that the individuals' names are not used in these pleadings, briefs or declarations. The parties shall redact or otherwise obscure the name of the individuals and substitute a pseudonym or other code. Where the name(s) are an integral part of a document or obscuring the name destroys the utility or understandability of the document, the parties shall file the document under seal. Persons preparing, filing or otherwise distributing (including to

6

the public) expert reports shall use pseudonyms or other codes, and shall also omit other identifying information such as social security numbers and dates of birth.

Portions of confidential documents may be attached to any filing or brief, but all identifying information must be filed under seal. Only the identifying information will be filed under seal. The filings, briefs and any supporting declarations will not be filed under seal, unless they too contain identifying information. If the person who is the subject of the Confidential Information or that person's legal guardian or personal representative, if applicable, authorizes a party to use the confidential materials without redaction, that party may use it or file it in unsealed form. Upon filing with the Court, the portion of the confidential document that has not been filed under seal becomes part of the public record.

5.    The inspection, copying and use of any information, including documents or portions thereof, which are designated as CONFIDENTIAL in accordance with this Protective Order, shall be subject to this Protective Order, and access to and disclosure of such information shall be limited to:

(a) The Court, the Court's staff and such other personnel as the Court may authorize, under seal;

(b) The attorneys of record for the parties herein;

(c) Secretaries, paralegal assistants, investigative staff and clerical personnel who are engaged in assisting counsel in these actions;

(d) Any director, officer, employee of a party who is requested by counsel for such party to work directly on this litigation and who has a need for the Confidential Information in order to participate in the litigation, provided

7

that any such person shall be advised of the terms of this Protective Order and agrees to be bound by it;

(e) Any person identified as a signatory, author, addressee or recipient of such information;

(f) Qualified persons taking testimony involving such information or documents and necessary stenographic and clerical personnel thereof;

(g) Consultants and experts consulted or retained by any party for the purpose of assisting in the conduct of this litigation whether or not such expert or consultant is paid directly by a party, provided that any such person shall be advised of the terms of this Protective Order and agrees to be bound by it;

(h) Any deponent, witness or potential witness, provided that any such person shall be advised of the terms of this Protective Order and agrees to be bound by it;

(i) Any individual patient at St. Elizabeths Hospital, including his or her legal guardian, conservator or other legal representative, if applicable, to whom the confidential information applies, provided however that the disclosing party shall notify the opposing party in writing of the name of the patient who has requested the information and the specific mental health information sought to be disclosed, and allow the opposing party ten (10) business days to file any objection to the intended disclosure. Nothing in this provision prevents a party from petitioning the Court, with notice to all parties, to seek disclosure of protected mental health information beyond the terms of the protective order if a party believes that a patient's health and/or safety is in imminent danger and

disclosure is necessary to protect the patient.; provided however, that the petitioning party shall not disclose the information to the patient until the Court has ruled on the petition; and

(j) Any other person agreed to in writing by the parties or as the Court may order.

6.    The persons identified in paragraph 5 are prohibited from disclosing any materials or information designated as CONFIDENTIAL, except as provided herein, or except as otherwise agreed upon by the parties or as permitted by further Order of this Court.

7.    Before any person described in Paragraphs 5(d), (g) and (h) hereof may be permitted access to any materials or information designated as CONFIDENTIAL in accordance herewith, he or she shall have first read this Protective Order and agreed to be bound by it.

8.    Persons designating any information as CONFIDENTIAL shall designate only that portion of the information which is considered in good faith to be Confidential and covered by this Protective Order. To the extent possible, such designation shall be made at or prior to the time of disclosure of any such information.    Any record, document, pleading, discovery response, deposition transcript, or portion thereof, designated as CONFIDENTIAL shall be clearly stamped CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER by the person who produced the information at the time of delivery of the information to the Court or any other party.

Any party wishing to designate information provided by the other party or non-party as CONFIDENTIAL shall submit to the other party, within twenty (20)

9

business days following production or disclosure, a written designation of the documents or things containing such information. During such twenty (20) day period following production by the other party or a non-party, all portions of such documents and things that reasonably appear to be Confidential shall be deemed to be Confidential pursuant to this Protective Order.

9.    Each page of the Confidential Information must be stamped CONFIDENTIAL. In the event that Confidential electronic documents are produced on a CD-Rom or floppy disk, the entire CD-Rom or disk may be designated CONFIDENTIAL and the producing party shall provide a separate designation of those documents captured thereon that are to be treated as Confidential pursuant to this Protective Order.

10.    The inadvertent failure of a party to designate discovery materials as CONFIDENTIAL shall not constitute, or have the effect of, a waiver of any claim that such material or any similar material should be treated as Confidential, and an individual who, in good faith, treats such materials as non-protected discovery materials rather than as Confidential Information due to the failure of a party to so designate the materials shall not be subject to any sanction or liability. Such inadvertent failure to so designate Confidential Information shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or thing, or the information contained therein, and the parties, upon proper notice, shall treat such documents and things that reasonably appear to be Confidential as Confidential Information according to the correct designation and classification. A receiving party shall make a good faith effort

to locate and mark appropriately any Confidential Information upon receipt of such notice.

11.    Other than Court personnel and court reporters and their staff, only counsel of record for the parties, the witness, his/her attorney, and experts who have met the requirements of Paragraph 5 of this Protective Order may be present at any examination concerning Confidential Information of any party or non-party, unless the individual to whom the Confidential Information relates authorizes others to be present. Testimony given or information disclosed at a deposition may be designated as CONFIDENTIAL by indicating on the record at the deposition those portions of the testimony that are Confidential and subject to the provisions of this Protective Order. Testimony so designated shall be separately transcribed and the term "CONFIDENTIAL" shall be imprinted on the first page and each subsequent page of the transcript. Whenever any document designated CONFIDENTIAL is identified as an exhibit in connection with testimony given at a deposition, it shall be so marked and separately bound, unless the parties stipulate on the record otherwise.

Notwithstanding the foregoing provision, a party also may designate information disclosed at such deposition as CONFIDENTIAL by notifying all parties, in writing, of the specific pages and lines of the transcript that should be treated as Confidential thereafter within twenty (20) business days after the date of the transcription. Each party shall then attach a copy of such written notice or notices to the face of the transcript and each copy thereof in that party's possession, custody, or control.

All portions of deposition transcripts that reasonably appear to be Confidential shall be treated as Confidential subject to this Protective Order for a period of twenty (20) business days after receipt of each transcript. Notwithstanding the passage of twenty (20) business days, to the extent that a party has not disseminated information that is subject to this Protective Order, the right to so designate such information as Confidential shall remain, subject to challenge.

12.    Any information that has been designated CONFIDENTIAL, including any portion of a document that quotes Confidential material that is to be filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which the following shall be written: the caption of this action, a generic designation of the contents of such sealed envelope or other container, and the words: "CONFIDENTIAL—FILED UNDER SEAL—SUBJECT TO COURT ORDER"

13.    This Protective Order shall be without prejudice to any party to bring before the Court at any time the question of whether any particular information is or is not properly designated as CONFIDENTIAL.    However, before any party seeks a Court order altering the CONFIDENTIAL designation, that party shall give the designating party reasonable written notice and the opportunity to voluntarily re-designate the information.  If a motion is filed seeking to remove or objecting to a CONFIDENTIAL designation, the document in question shall be considered Confidential subject to the protection of this Order until the Court rules on the motion, and thereafter the designation shall be governed by the Court's ruling.  The party seeking to assert information as Confidential shall bear the burden of showing good cause pursuant to SCR—Civil 26(c).  The acceptance by a party of any information, document, or thing

identified as Confidential hereunder shall not constitute evidence, an admission, or a concession that the information, document, or thing actually contains Confidential Information.

14.    Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production of any information or documents on any ground, including, without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, privilege, and work product of counsel.

15.    The use of Confidential Information as evidence at trial in this case shall be subject to such protection as the Court shall determine at that time. No party hereto waives any right it may have to object on any ground to the admission in evidence at trial of this action of any Confidential Information.  A party that intends to introduce Confidential Information at a hearing or trial shall be responsible for taking appropriate measures with the Court to maintain confidentiality.

16.    Within forty-five (45) days of the final resolution of this action, including any appeal therefrom, the parties, their counsel and other persons subject to the terms hereof shall be under an obligation either to (1) assemble and return to the producing party all materials and documents marked as Confidential or (2) destroy all materials and documents marked as Confidential.  If counsel for the non-producing party chooses to destroy the materials and documents marked Confidential, counsel for a non-producing party shall confirm in writing to counsel for the producing party that such destruction has occurred.  The attorneys for the parties shall be entitled to retain all pleadings and litigation documents, including exhibits and their own memoranda, containing Confidential Information, but such litigation documents and memoranda shall

be used only for the purpose of preserving a file on this action, and shall not, without the written permission of the opposing party, or an Order of this Court, be disclosed to anyone other than counsel of record to whom such information was originally disclosed in accordance with this Protective Order during the course of this action.

17.    At the conclusion of this litigation, and after the exhaustion of any appeals, this Protective Order shall continue to be binding upon the parties hereto and upon all persons to whom Confidential Information has been disclosed or communicated and that has not properly become a matter of public record. If any Confidential Information is disclosed or communicated, any court of competent jurisdiction shall have jurisdiction over the parties for enforcement of this Stipulation and Protective Order.

18.    Production of information designated as CONFIDENTIAL pursuant to this Protective Order in response to a subpoena or order of any court or governmental agency shall not be deemed a violation of the terms of this Protective Order; providing that the party receiving such subpoena or order shall immediately and in all cases before any document production is made in response to the subpoena or order notify the party or non-party who has produced such documents of the subpoena or order. The receiving party also must immediately inform in writing the party that caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order.  In addition, the receiving party must deliver a copy of this Protective Order to the party that caused the subpoena or order to issue. The designating party shall bear the burden and expense of seeking protection of its Confidential Information.  Nothing in these provisions shall be construed as authorizing

14

or encouraging the receiving party in this litigation to disobey a lawful directive of another court.

19.    Nothing in this Order is meant to limit or restrict in any way a party's or non-party's right to use or disclose any information pertaining to the party or non-party itself in any manner whatsoever.

20.    If a party improperly discloses Confidential Information to a person who is not entitled to see or receive Confidential Information pursuant to this Order, the party must take reasonable steps to: notify the producing party of the recipient(s) and circumstances of the disclosure, use best efforts to bind the recipient(s) to the terms of this Protective Order and prevent further improper disclosure.

21.    This Protective Order is not intended to create, expand or contract substantive rights or privileges. It is intended solely to provide a procedural mechanism to enable the parties to raise claims and preserve issues in a format which prevents disruptions at depositions and otherwise in discovery and proceedings in these actions. Nothing in this Protective Order pertains to or in any way diminishes plaintiff's federal access rights under 42 U.S.C. §§ 10801- 10851 and the federal regulations promulgated thereto or alters existing or future obligations required by federal or District of Columbia law with respect to confidentiality of health or other information.

22.    This Protective Order shall, without limitation, be binding upon the parties hereto, upon their counsel, and upon the parties' and their attorneys' successors, executors, personal representatives, assigns, officers, directors, employees, agents, independent contractors, and other persons or organizations in which they are in privity or over which they have control.

23.    In the event that a party seeks discovery from a non-party to this suit, the non-party may invoke the terms of this Protective Order in writing to all parties with respect to any Confidential Information provided to the requesting party by the non-party.

24.    This Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or for modification of this Order.

**IT IS HEREBY STIPULATED:**

Respectfully submitted,

**ATTORNEYS FOR PLAINTIFF:**

William P. Lightfoot, Esquire (413593)
Koonz, McKenney, Johnson, DePaolis, & Lightfoot, LLP
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, D.C. 20006

**ATTORNEYS FOR DEFENDANT:**

LINDA SINGER
Acting Attorney General

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)

16

E-mail: toni.jackson@dc.gov

And it is by the Court this 7th day of February , 2007,

**SO ORDERED**:

JUDGE JUDITH E. RETCHIN
District of Columbia Superior Court

17

## THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

THERESA ROBERSON,

        Plaintiff,

    v.

DISTRICT OF COLUMBIA,

        Defendant.

C.A. NO. 06-5950
JUDGE RETCHIN
NEXT EVENT:  DISCOVERY CLOSES
5/21/2007

### DEFENDANTS DISTRICT OF COLUMBIA'S
### PRELIMINARY WITNESS LIST

Defendant, by and through undersigned counsel, files the following list of witnesses who may be called to testify during the trial in the above-captioned case:

1. Celeste Humes, PNA
   Saint Elizabeths Hospital
   2700 MLK Avenue, SE
   Washington, DC 20032

2. Charity Nwaneri, RN
   Saint Elizabeths Hospital
   2700 MLK Avenue, SE
   Washington, DC 20032

3. Madeline Parker, PNA
   Saint Elizabeths Hospital
   2700 MLK Avenue, SE
   Washington, DC 20032

4. Leonard Jackson, RN
   Saint Elizabeths Hospital
   2700 MLK Avenue, SE
   Washington, DC 20032

5. Supervisor King, RN
   Saint Elizabeths Hospital
   2700 MLK Avenue, SE
   Washington, DC 20032

6. Jonathan Long, Security Officer

Saint Elizabeths Hospital
2700 MLK Avenue, SE
Washington, DC 20032

7. Patricia Robertson, Security Officer
   Saint Elizabeths Hospital
   2700 MLK Avenue, SE
   Washington, DC 20032

8. Dr. Raj Mathur
   Saint Elizabeths Hospital
   2700 MLK Avenue, SE
   Washington, DC 20032

9. Wusa Jabril, RN
   Saint Elizabeths Hospital
   2700 MLK Avenue, SE
   Washington, DC 20032

10. Diane Jones, RN
    Saint Elizabeths Hospital
    2700 MLK Avenue, SE
    Washington, DC 20032

11. Officer A.J. Ruchak, MPD
    D.C. Police Department
    Sixth District Station
    100 42nd Street NE
    Washington, D.C. 20019

12. Dr. Srian
    Howard University Hospital
    2042 Georgia Avenue, NW
    Washington, DC, 20060

13. Dr. Simmons
    Howard University Hospital
    2042 Georgia Avenue, NW
    Washington, DC, 20060

14. Dr. Bennett
    Howard University Hospital
    2042 Georgia Avenue, NW
    Washington, DC, 20060

15. Marti Knisley
    Saint Elizabeths Hospital
    2700 MLK Avenue, SE
    Washington, DC 20032

16. Any Custodian of Records or Corporate Representative necessary to establish the chain of custody or authenticate any document or exhibit.

17. Any and all witnesses listed by plaintiff on plaintiff's witness lists, identified in their discovery responses, or that appears in deposition.

18. Since discovery is incomplete in this case, this defendant reserves the right to supplement this witnesses list should discovery reveal the identity of additional fact witnesses.

19. Any Corporate Representative necessary to establish any policy, procedure or custom and practice of any District of Columbia agency.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/Nicole L. Lynch_____
NICOLE L. LYNCH [471953]
Section Chief
General Litigation § II

___/s/Toni Michelle Jackson_____
TONI MICHELLE JACKSON [453769]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
(direct)(202) 724-6602
(fax) (202) 727-3625
e-mail: toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2007, I caused the foregoing **DEFENDANTS DISTRICT OF COLUMBIA'S PRELIMINARY WITNESS LIST** to

3

be filed with the Clerk of the Court using the CaseFileXpress system, which will send notification of such filing to:

> William Lightfoot,
> Koonz, McKenney, Johnson, DePaolis & Lightfoot, LLP
> 2001 Pennsylvania Avenue, N.W., Suite 450,
> Washington, D.C. 20006.

>> /s/Toni Michelle Jackson
>> TONI MICHELLE JACKSON
>> Assistant Attorney General

4

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

THERESA ROBERSON, as Personal          :
Representative of the estate of ALAN   :
MARTIN                                 :
     **Plaintiff**                      :
                   :
**v.**                                 :  **2006 CA 005950 B**
                    :  **Judge Retchin**
**THE DISTRICT OF COLUMBIA**           :
                    :
     **Defendant**                      :

## MOTION TO AMEND THE COMPLAINT TO ADD A CIVIL RIGHTS CLAIM AND TO NAME ADDITIONAL PARTIES

COMES NOW the Plaintiff Theresa Roberson, by and through undersigned counsel, pursuant to Superior Court Civil Rule 15, hereby moves this Court to enter an order amending the Complaint to add a claim under 42 U.S.C. § 1983 and to name additional parties. In support of her Motion, Plaintiff states as follows:

1. On April 1, 2004, Decedent Alan Martin was involuntarily admitted to St. Elizabeth's hospital. Mr. Martin suffered from bipolar disorder. On April 4, 2004, Mr. Martin was fatally beaten by another patient at St. Elizabeth's, William Dunbar.

2. Plaintiff initially filed a complaint against the District of Columbia alleging, among other things, that the District of Columbia fell below the national standard of care in its treatment of psychiatric patients as well as failed to have appropriate levels of staffing.

3. The District of Columbia has denied all allegations regarding liability.

4.  Plaintiff has reviewed additional materials since filing the Complaint, including a Department of Justice letter to Anthony Williams, outlining multiple civil rights violations committed by the District of Columbia and its agents in connection with the operation of St. Elizabeth's Hospital.  Plaintiff has also researched other claims against St. Elizabeth's Hospital and in the process has uncovered multiple civil rights violations committed against patients.  In light of this information, Plaintiff is seeking to add a claim for damages based on 42 U.S.C. § 1983.

5.  Plaintiff also seeks to add as witnesses the following individuals who were in supervisory positions and operating under the color of state law in discharging their duties at the time of Mr. Martin sustained his injuries:  Martha B. Knisley, Director of the Department of Mental Health; Joy Holland, C.E.O., St. Elizabeth's Hospital; Allen Gore, M.D., Associate Director of Medical Affairs, St. Elizabeth's Hospital; Lenore Teter, M.D., Director of Psychiatry, St. Elizabeth's Hospital; Sayed Zaidi, M.D., Director Medical Services, St. Elizabeth's Hospital; and Wusa Jibril, R.D., Director of Nursing, St. Elizabeth's Hospital.

6.  This is Plaintiff's first request to amend the Complaint.  Under Superior Court Rule of Civil Procedure 15, "leave shall be freely given when justice so requires." Super. Ct. R. Civ. Proc. 15 (2006).  It is in the interest of justice to allow this case to be adjudicated fully on the merits and that all parties responsible for Mr. Martin's injuries be parties to this action.

7.  Amending the complaint will not prejudice any party to this action and will be in the interest of justice.

2

8. In order to preserve the statute of limitations, Plaintiff has filed a separate Complaint in Superior Court claiming that the District of Columbia and the individuals identified in paragraph 5 violated Mr. Martin's civil rights. It would be in the interest of judicial economy for the Court to permit the Complaint in this case to be amended rather than having two lawsuits with similar facts and issues proceeding at the same time in this Court.

9. The amended complaint is attached as Exhibit 1 to this motion.

Respectfully submitted,

KOONZ, McKENNEY, JOHNSON,
DePAOLIS & LIGHTFOOT, L.L.P.


        /s/ William P. Lightfoot
William P. Lightfoot #313593
Paulette E. Chapman #416437
Kelly J. Fisher #488431
2001 Pennsylvania Avenue, N.W.
Suite 450
Washington, D.C.  20006
(202) 659-5500
wlightfoot@koonz.com

Counsel for Plaintiff


### Rule 12-I Certification

Toni Jackson, the Assistant Attorney General representing the District of Columbia has indicated that the District does not consent to this Motion.


        /s/ William P. Lightfoot
William P. Lightfoot

3

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

THERESA ROBERSON, as Personal : 
Representative of the estate of ALAN :
MARTIN :
                    Plaintiff :
                                                  :
v.                                                :    2006 CA 005950 B
                                                  :    Judge Retchin
THE DISTRICT OF COLUMBIA :
                                                  :
                                                  :
             Defendant :

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**</u>
<u>**PLAINTIFF'S MOTION TO AMEND THE COMPLAINT TO ADD A**</u>
<u>**CIVIL RIGHTS CLAIM AND TO NAME ADDITIONAL PARTIES**</u>

The Court is respectfully referred to Superior Court Civil Rule 15 in support of the

Motion to Amend the Complaint.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Motion to Amend the

Complaint to add a Civil Rights Claim and to name Additional Parties, Memorandum of Points

and Authorities in Support Thereof, and proposed Order was served of the following via the

Court's electronic filing system, this 4th day of April 2007 on:

Toni Jackson, Esquire
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001


_____/s/ William P. Lighfoot_____
William P. Lightfoot, Esquire

KMJDL-34158

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

THERESA ROBERSON, as Personal            :
Representative of the estate of ALAN     :
MARTIN                                   :
1320 Randolph Street, N.W.               :
Washington, D.C. 20017                   :
                                         :
            Plaintiff                    :
                                         :
v.                                       :  Civil Action No.
                                         :
THE DISTRICT OF COLUMBIA                 :
John A. Wilson Building                  :
1350 Pennsylvania Avenue N.W., Suite 600 :
Washington, D.C. 20004                   :

and                                      :
                                         :
                                         :
Martha B. Knisley, individually and in her official capacity as  :
the Director of the Department of Mental Health  :
64 New York Avenue N.E., 4th Floor       :
Washington, D.C. 20002                   :

and                                      :
                                         :
                                         :
Joy Holland, individually and in her official capacity as the  :
C.E.O. of St. Elizabeth's Hospital       :
2700 Martin Luther King, Jr. Avenue S.E. :
Washington, D.C. 20032                   :
                                         :
and                                      :
                                         :
                                         :
Dr. T. Allen Gore, individually and in his official capacity as the  :
Associate Director of Medical Affairs, St. Elizabeth's Hospital  :
2700 Martin Luther King, Jr. Avenue S.E. :
Washington, D.C. 20032                   :
                                         :
and                                      :
                                         :
                                         :
Lenore Teter, M.D., individually and in her official capacity as  :
the Director of Psychiatric Services, St. Elizabeth's Hospital  :
2700 Martin Luther King, Jr. Avenue S.E. :
Washington, D.C. 20032                   :
                                         :

and                                                          :
                                                             :
**Sayed Zaidi, M.D. individually and in his official capacity as the** :
**Director of Medical Services, St. Elizabeth's Hospital**   :
**2700 Martin Luther King, Jr. Avenue S.E.**                 :
**Washington, D.C. 20032**                                   :
                                                             :
and                                                          :
                                                             :
**Wusa Jibril, R.N., individually and in her official capacity as the** :
**Director of Nursing, St. Elizabeth's Hospital**            :
**2700 Martin Luther King, Jr. Avenue S.E.**                 :
**Washington, D.C. 20032**                                   :
                                                             :
            **Defendants**                                   :
                                                             :

## AMENDED COMPLAINT

Comes now the Plaintiff, Theresa Roberson, as personal representative of Alan Martin, by and through her attorney, Koonz, McKenney, Johnson, DePaolis & Lightfoot, and in support of this complaint allege as follows:

## JURISDICTION

1.      Jurisdiction is invoked pursuant to Code §§ 11-921, and 13-422, *et seq* as the tortuous event occurred in the District of Columbia.

## PARTIES

2.      The Plaintiff, Theresa Roberson and Decedent Alan Martin were at all times relevant herein residents of the District of Columbia.

3.      At all times relevant herein, the District of Columbia government owned and operated St. Elizabeth's Hospital in the District of Columbia, a hospital licensed and qualified to render medical care to psychiatric patients in the District of Columbia.

2

4.      At all times relevant herein, the Defendant, District of Columbia, was responsible under the doctrine of respondent superior for the negligent acts of its employees, agents and/or servants at St. Elizabeth's Hospital.

5.      At all times relevant herein, Martha B. Kinsley was the Director of the Department of Mental Health for the District of Columbia, which oversees St. Elizabeth's Hospital.

6.      At all times relevant herein, Joy Holland was the Chief Executive Officer for St. Elizabeth's Hospital.

7.      At all times relevant herein, Dr. T. Allen Gore, was the Associate Director of Medical Affairs, St. Elizabeth's Hospital.

8.      At all times relevant herein, Lenore Teter, M.D. as the Director of Psychiatric Services, St. Elizabeth's Hospital

9.      At all times relevant herein, Sayed Zaidi, M.D. was the Director of Medical Services, St. Elizabeth's Hospital.

10.     At all times relevant herein, Wusa Jibril, R.N., was the Director of Nursing, St. Elizabeth's Hospital.

11.     At all times relevant herein, Defendants District of Columbia, Knisley, Holland, Gore, Teter, Zaidi, and Jibril were operating under the color of state law.

FACTS

12.     The Decedent, Alan Martin, suffered from bipolar disorder and was involuntarily admitted to St. Elizabeth's Hospital on April 1, 2004 for treatment of his condition.

13.     On April 4, 2004 at approximately 6:40 a.m., the Decedent Alan Martin was assaulted by William Dunbar, another patient at St. Elizabeth's hospital. Mr. Dunbar was observed throwing the plaintiff Alan Martin to the floor and then repeatedly stomping on his head.

3

14.    As a result of the injury, Decedent Alan Martin was transported to Howard University Hospital in Washington D.C.

15.    Subsequently, Decedent Alan Martin was diagnosed with a fractured skull, facial fractures and a potential broken neck.

16.    On March 12. 2005, Alan Martin died as a result of injuries he sustained on April 4, 2004.

COUNT I
(Negligence)

17.    Plaintiff incorporates by reference all other allegations in the Amended Complaint and further alleges that at all times material herein, Decedent Alan Martin was under the professional care of the Defendant District of Columbia through St. Elizabeth's Hospital and its' employees, agents and/or servants, including but not limited to Defendants Knisley, Holland, Gore, Teter, Zaidi, and Jibril.

18.    Defendant through its employees, agents and/or servants owed Decedent Alan Martin a duty of reasonable care during the course of his treatment.

19.    There is a national standard of care that applies to the care and supervision of psychiatric patients such as Alan Martin.  This national standard of care includes, but is not limited to, the duty to properly monitor and supervise patients in order to avoid foreseeable injury to the Decedent from other patients.

20.    Defendant breached the national standard of care by acts and/or omissions including but not limited to failing to provide adequate care and supervision for the Decedent, and by failing to take all reasonable, appropriate and timely measures to prevent injury to the Decedent from other psychiatric patients.

4

21.    The Defendant's negligent acts and omissions were a proximate and substantial contributing cause of the severe and permanent injuries suffered by Decedent, including, but not limited to a fractured skull, facial fractures, back and neck injuries and brain damage. These injuries have required hospital, surgical, nursing and other medical care in the past and are expected to require additional care and services in the future. Decedent Alan Martin has incurred substantial medical expenses as a result of his injuries.

22.    As a further direct and proximate result of the negligent acts and omissions of the Defendants the decedent sustained permanent injuries, mental anguish, and pain and suffering prior to his death.

WHEREFORE, Plaintiff Theresa Roberson, as personal representative of the Estate of Alan Martin, demands judgment against Defendants, jointly and severally, in the full and just amount of two million ($2,000,000.00) dollars.

<u>COUNT II</u>
(Negligent Hiring, Training and Supervision)

23.    Plaintiff incorporates by reference all other paragraphs in this Amended Complaint and further alleges that at all times material herein, Decedent Alan Martin was under the professional care of the Defendant District of Columbia through its employees, agents and/or servants including but not limited to Defendants Knisley, Holland, Gore, Teter, Zaidi, and Jibril..

24.    Defendant had a duty to exercise reasonable care in the hiring, training and supervision of its employees.

25.    There is a national standard of care which applies to the hiring, training and supervision of individuals employed in the care, treatment and supervision of psychiatric patients. Defendant, by and through its employees, agents and/or servants, breached the national standard of care by acts and/or omissions including, but not limited to failing to properly and sufficiently staff

5

its hospital with appropriate individuals, failing to properly and adequately train its employees in the care, treatment and supervision of psychiatric patients, and failing to provide appropriate and adequate supervision of its hospital employees.

26.    Defendant's negligent acts and omissions were a proximate and substantial contributing cause of the severe and permanent injuries suffered by Decedent Alan Martin, including, but not limited to severe and permanent injuries, a fractured skull, facial fractures, back and neck injuries and brain damage.  These injuries have required hospital, surgical, nursing and other medical care in the past and are expected to require additional care and services in the future. Plaintiff Alan Martin has incurred substantial medical expenses as a result of his injuries.

27.    As a further direct and proximate result of the negligent acts and omissions of the Defendants the decedent sustained permanent injuries, mental anguish, and pain and suffering prior to his death.

WHEREFORE, Plaintiff Theresa Roberson, as personal representative of the Estate of Alan G. Martin, demands judgment against Defendants, jointly and severally, in the full and just amount of two million ($2,000,000.00) dollars.

COUNT III
(42 U.S.C. § 1983-Civil Rights Violation)

28.    Plaintiff incorporates by reference all other paragraphs in this complaint and further states that Defendants, collectively and individually, acting under the color of state law deprived Alan Martin of his rights under the Due Process Clause of the Fifth and Eighth Amendments to the United States Constitution and extended to the states and their actors by 42 U.S.C. § 1983.

29.    At all times material herein, Decedent Alan Martin was under the professional care of the Defendants, who had a duty to provide adequate programs, care, conditions, and services to Alan Martin, including but not limited to a duty to protect Alan Martin from other patients.

6

30.    Defendants deprived Alan Martin of his lawful rights by:

    a.    failing to provide minimally adequate health care and medical treatment to Alan Martin and to fellow patients;

    b.    failing to provide minimally adequate and meaningful treatment and treatment planning;

    c.    failing to provide minimally adequate protection from harm;

    d.    failing to provide minimally adequate psychiatric care;

    e.    failing to provide minimally appropriate staffing; and

    f.    such other acts or omissions which may be shown during discovery.

31.    The Defendants' unlawful acts were a proximate and substantial contributing cause of the severe and permanent injuries suffered by Decedent, including, but not limited to a fractured skull, facial fractures, back and neck injuries and brain damage.  These injuries have required hospital, surgical, nursing and other medical care.

32.    As a further direct and proximate result of the unlawful acts and omissions of the Defendants the decedent sustained permanent injuries, mental anguish, and pain and suffering prior to his death.

WHEREFORE, Plaintiff Theresa Roberson, as personal representative of the Estate of Alan Martin, demands judgment against Defendants, jointly and severally, in the full and just amount of two million dollars ($2,000,000.00), plus attorney's fees, costs, and all other damages provided for by law.  Plaintiff also demands punitive damages in the amount of three million dollars ($3,000,000.00).

<u>COUNT IV</u>
(Survival Action)

7

33.    Plaintiff incorporates by reference paragraphs 1-20 as set forth above and further alleges that this action arises under the District of Columbia Survival Statute, Title 12, §101 et seq. of the District of Columbia Code, and is brought by Theresa Roberson as the personal representative of the estate of Alan Martin, deceased.

34. As a direct and proximate result of the Defendant's negligent acts and omissions, the estate of the decedent has been deprived of all probable future earnings of the decedent.

35. As a further direct and proximate result of the negligent acts and omissions of the defendant the decedent sustained permanent injuries, mental anguish, and pain and suffering prior to his death.

WHEREFORE, Plaintiff Theresa Roberson, as personal representative of the Estate of Alan Martin, demands judgment against Defendants, jointly and severally, in the full and just amount of two million dollars ($2,000,000.00), plus attorney's fees, costs, and all other damages provided for by law.  Plaintiff also demands punitive damages in the amount of three million dollars ($3,000,000.00).

Respectfully Submitted,

By:    /s/ William P. Lightfoot
       William P. Lightfoot #313593
       Paulette E. Chapman #416437
       Kelly J. Fisher #488431
       KOONZ, McKENNEY, JOHNSON,
        DePAOLIS & LIGHTFOOT, LLP
       2001 Pennsylvania Avenue, N.W., Suite 450
       Washington, D.C. 20006
       202-659-5500
       202-785-3719 (fax)
       wlightfoot@koonz.com

8

Attorney for Plaintiffs

JURY TRIAL DEMANDED:


 /s/ William P. Lightfoot
William P. Lightfoot

07 - 977
JR

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ROBERSON, THERESA, as Personal Representative of the Estate of Alan Martin Roberson, 1320 Randolph Street, N.W. Washington, D.C. | DISTRICT OF COLUMBIA; KNISLEY, MARTHA B.; HOLLAND, JOY; GORE, T. ALLEN; TETER, LENORE; ZAIDI, SAYED; JABRIL, WUSA |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Washington, D.C. | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Washington, D.C. |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES)    11001 | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| William Lightfoot, Koonz, McKenney, Johnson, DePaolis & Lightfoot, LLP 2001 Pennsylvania Avenue, N.W., Suite 450 Washington, D.C. 20006 | Case: 1:07-cv-00977 Assigned To : Robertson, James Assign. Date : 5/25/2007 Description: CIVIL RIGHTS/NON EMPLOYMENT |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 2 U.S. Government Defendant

⦿ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency Is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ● L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding   ● 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
42 U.S.C. Section 1983: Plaintiff claims violations of the Fifth and Eighth Amendments.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ $15,000,000.00<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒   NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE   May 25, 2007   SIGNATURE OF ATTORNEY OF RECORD   *Dr. Michelle Jack*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.