UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THERESA ROBERSON, as Personal           :
Representative of the estate of ALAN      :
MARTIN                                   :
1320 Randolph Street, N.W.               :
Washington, D.C. 20017                 :
                                          :
        Plaintiff                     :

v.                                        : 1:07 CV 00977
                                        : JR

THE DISTRICT OF COLUMBIA          :
John A. Wilson Building              :
1350 Pennsylvania Avenue N.W., Suite 600    :
Washington, D.C. 20004                :

and                                        :

Martha B. Knisley, individually and in her official capacity as  :
the Director of the Department of Mental Health         :
64 New York Avenue N.E., 4th Floor             :
Washington, D.C. 20002

and                                        :

Joy Holland, individually and in her official capacity as the  :
C.E.O. of St. Elizabeth's Hospital            :
2700 Martin Luther King, Jr. Avenue S.E.       :
Washington, D.C. 20032                 :

and                                        :

Dr. T. Allen Gore, individually and in his official capacity as the :
Associate Director of Medical Affairs, St. Elizabeth's Hospital :
2700 Martin Luther King, Jr. Avenue S.E.       :
Washington, D.C. 20032                 :

and                                        :

Lenore Teter, M.D., individually and in her official capacity as :
the Director of Psychiatric Services, St. Elizabeth's Hospital  :
2700 Martin Luther King, Jr. Avenue S.E.       :
Washington, D.C. 20032                 :
                                        :

LAW OFFICES
KOONZ, McKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

and                                                                              :
                                                                                 :
Sayed Zaidi, M.D. individually and in his official capacity as the               :
Director of Medical Services, St. Elizabeth's Hospital                           :
2700 Martin Luther King, Jr. Avenue S.E.                                         :
Washington, D.C. 20032                                                           :
                                                                                 :
and                                                                              :
                                                                                 :
Wusa Jibril, R.N., individually and in her official capacity as the              :
Director of Nursing, St. Elizabeth's Hospital                                    :
2700 Martin Luther King, Jr. Avenue S.E.                                         :
Washington, D.C. 20032                                                           :
                                                                                 :
                    **Defendants**                                               :

## AMENDED COMPLAINT

Comes now the Plaintiff, Theresa Roberson, as personal representative of Alan Martin, by

and through her attorney, Koonz, McKenney, Johnson, DePaolis & Lightfoot, and in support of this

complaint allege as follows:

## JURISDICTION AND VENUE

1.      Subject-matter jurisdiction of this Court is founded on the existence of a Federal

question under 28 U.S.C. § 1331 as Plaintiff Theresa Roberson has alleged violations of Alan

Martin's civil rights as guaranteed under 42 U.S.C. §1983.

2.    Supplemental jurisdiction of this Court over all remaining claims is founded on 28

U.S.C. § 1367(a) because all those claims are so related to the §1983 claim that they form part of

the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in the District of Columbia because it is the judicial district in which

a substantial part of the events or omissions giving rise to the claims occurred

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006
(202) 659-5500

PARTIES

4.      The Plaintiff, Theresa Roberson and Decedent Alan Martin were at all times relevant herein residents of the District of Columbia.

5.      At all times relevant herein, the District of Columbia government owned and operated St. Elizabeth's Hospital in the District of Columbia, a hospital licensed and qualified to render medical care to psychiatric patients in the District of Columbia.

6.      At all times relevant herein, the Defendant, District of Columbia, was responsible under the doctrine of respondent superior for the negligent acts of its employees, agents and/or servants at St. Elizabeth's Hospital.

7.      At all times relevant herein, Martha B. Kinsley was the Director of the Department of Mental Health for the District of Columbia, which oversees St. Elizabeth's Hospital.

8.      At all times relevant herein, Joy Holland was the Chief Executive Officer for St. Elizabeth's Hospital.

9.      At all times relevant herein, Dr. T. Allen Gore, was the Associate Director of Medical Affairs, St. Elizabeth's Hospital.

10.      At all times relevant herein, Lenore Teter, M.D. as the Director of Psychiatric Services, St. Elizabeth's Hospital

11.      At all times relevant herein, Sayed Zaidi, M.D. was the Director of Medical Services, St. Elizabeth's Hospital.

12.      At all times relevant herein, Wusa Jibril, R.N., was the Director of Nursing, St. Elizabeth's Hospital.

13.      At all times relevant herein, Defendants District of Columbia, Knisley, Holland, Gore, Teter, Zaidi, and Jibril were operating under the color of state law.

LAW OFFICES
KOONZ, McKENNEY,
JOHNSON, DePAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006
(202) 659-5500

## FACTS

14.    The Decedent, Alan Martin, suffered from bipolar disorder and was involuntarily admitted to St. Elizabeth's Hospital on April 1, 2004 for treatment of his condition.

15.    On April 4, 2004 at approximately 6:40 a.m., the Decedent Alan Martin was assaulted by William Dunbar, another patient at St. Elizabeth's hospital. Mr. Dunbar was observed throwing the plaintiff Alan Martin to the floor and then repeatedly stomping on his head.

16.    As a result of the injury, Decedent Alan Martin was transported to Howard University Hospital in Washington D.C.

17.    Subsequently, Decedent Alan Martin was diagnosed with a fractured skull, facial fractures and a potential broken neck.

18.    On March 12. 2005, Alan Martin died as a result of injuries he sustained on April 4, 2004.

## COUNT I
### (Negligence)

19.    Plaintiff incorporates by reference all other allegations in the Amended Complaint and further alleges that at all times material herein, Decedent Alan Martin was under the professional care of the Defendant District of Columbia through St. Elizabeth's Hospital and its' employees, agents and/or servants, including but not limited to Defendants Knisley, Holland, Gore, Teter, Zaidi, and Jibril.

20.    Defendant through its employees, agents and/or servants owed Decedent Alan Martin a duty of reasonable care during the course of his treatment.

21.    There is a national standard of care that applies to the care and supervision of psychiatric patients such as Alan Martin. This national standard of care includes, but is not limited

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

4

to, the duty to properly monitor and supervise patients in order to avoid foreseeable injury to the Decedent from other patients.

22.    Defendant breached the national standard of care by acts and/or omissions including but not limited to failing to provide adequate care and supervision for the Decedent, and by failing to take all reasonable, appropriate and timely measures to prevent injury to the Decedent from other psychiatric patients.

23.    The Defendant's negligent acts and omissions were a proximate and substantial contributing cause of the severe and permanent injuries suffered by Decedent, including, but not limited to a fractured skull, facial fractures, back and neck injuries and brain damage. These injuries have required hospital, surgical, nursing and other medical care in the past and are expected to require additional care and services in the future. Decedent Alan Martin has incurred substantial medical expenses as a result of his injuries.

24.    As a further direct and proximate result of the negligent acts and omissions of the Defendants the decedent sustained permanent injuries, mental anguish, and pain and suffering prior to his death.

WHEREFORE, Plaintiff Theresa Roberson, as personal representative of the Estate of Alan Martin, demands judgment against Defendants, jointly and severally, in the full and just amount of two million ($2,000,000.00) dollars.

## COUNT II
### (Negligent Hiring, Training and Supervision)

25.    Plaintiff incorporates by reference all other paragraphs in this Amended Complaint and further alleges that at all times material herein, Decedent Alan Martin was under the professional care of the Defendant District of Columbia through its employees, agents and/or servants including but not limited to Defendants Knisley, Holland, Gore, Teter, Zaidi, and Jibril..

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

26.    Defendant had a duty to exercise reasonable care in the hiring, training and supervision of its employees.

27.    There is a national standard of care which applies to the hiring, training and supervision of individuals employed in the care, treatment and supervision of psychiatric patients. Defendant, by and through its employees, agents and/or servants, breached the national standard of care by acts and/or omissions including, but not limited to failing to properly and sufficiently staff its hospital with appropriate individuals, failing to properly and adequately train its employees in the care, treatment and supervision of psychiatric patients, and failing to provide appropriate and adequate supervision of its hospital employees.

28.    Defendant's negligent acts and omissions were a proximate and substantial contributing cause of the severe and permanent injuries suffered by Decedent Alan Martin, including, but not limited to severe and permanent injuries, a fractured skull, facial fractures, back and neck injuries and brain damage. These injuries have required hospital, surgical, nursing and other medical care in the past and are expected to require additional care and services in the future. Plaintiff Alan Martin has incurred substantial medical expenses as a result of his injuries.

29.    As a further direct and proximate result of the negligent acts and omissions of the Defendants the decedent sustained permanent injuries, mental anguish, and pain and suffering prior to his death.

WHEREFORE, Plaintiff Theresa Roberson, as personal representative of the Estate of Alan G. Martin, demands judgment against Defendants, jointly and severally, in the full and just amount of two million ($2,000,000.00) dollars.

## COUNT III
(42 U.S.C. § 1983-Civil Rights Violation)

LAW OFFICES
KOONZ, McKENNEY,
JOHNSON, DePAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

30.     Plaintiff incorporates by reference all other paragraphs in this complaint and further states that Defendants, collectively and individually, acting under the color of state law deprived Alan Martin of his rights under the Due Process Clause of the Fifth and Eighth Amendments to the United States Constitution and extended to the states and their actors by 42 U.S.C. § 1983.

31.     At all times material herein, Decedent Alan Martin was under the professional care of the Defendants, who had a duty to provide adequate programs, care, conditions, and services to Alan Martin, including but not limited to a duty to protect Alan Martin from other patients.

32.     Defendants deprived Alan Martin of his lawful rights by:

      a.   failing to provide minimally adequate health care and medical treatment to Alan Martin and to fellow patients;

      b.   failing to provide minimally adequate and meaningful treatment and treatment planning;

      c.   failing to provide minimally adequate protection from harm;

      d.   failing to provide minimally adequate psychiatric care;

      e.   failing to provide minimally appropriate staffing; and

      f.   such other acts or omissions which may be shown during discovery.

33.     The Defendants' unlawful acts were a proximate and substantial contributing cause of the severe and permanent injuries suffered by Decedent, including, but not limited to a fractured skull, facial fractures, back and neck injuries and brain damage.  These injuries have required hospital, surgical, nursing and other medical care.

34.     As a further direct and proximate result of the unlawful acts and omissions of the Defendants the decedent sustained permanent injuries, mental anguish, and pain and suffering prior to his death.

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006
(202) 659-5500

WHEREFORE, Plaintiff Theresa Roberson, as personal representative of the Estate of Alan Martin, demands judgment against Defendants, jointly and severally, in the full and just amount of two million dollars ($2,000,000.00), plus attorney's fees, costs, and all other damages provided for by law. Plaintiff also demands punitive damages in the amount of three million dollars ($3,000,000.00).

COUNT IV
(Survival Action)

35.    Plaintiff incorporates by reference all other allegations in the Amended Complaint and further alleges that this action arises under the District of Columbia Survival Statute, Title 12, §101 et seq. of the District of Columbia Code, and is brought by Theresa Roberson as the personal representative of the estate of Alan Martin, deceased.

36. As a direct and proximate result of the Defendant's negligent acts and omissions, the estate of the decedent has been deprived of all probable future earnings of the decedent.

37. As a further direct and proximate result of the negligent acts and omissions of the defendant the decedent sustained permanent injuries, mental anguish, and pain and suffering prior to his death.

WHEREFORE, Plaintiff Theresa Roberson, as personal representative of the Estate of Alan Martin, demands judgment against Defendants, jointly and severally, in the full and just amount of two million dollars ($2,000,000.00), plus attorney's fees, costs, and all other damages provided for by law. Plaintiff also demands punitive damages in the amount of three million dollars ($3,000,000.00).

Respectfully Submitted,

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

By:     /s/ William P. Lightfoot
William P. Lightfoot #313593
Paulette E. Chapman #416437
Kelly J. Fisher #488431
KOONZ, McKENNEY, JOHNSON,
 DePAOLIS & LIGHTFOOT, LLP
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, D.C. 20006
202-659-5500
202-785-3719 (fax)
wlightfoot@koonz.com

Attorney for Plaintiffs

JURY TRIAL DEMANDED:


  /s/ William P. Lightfoot
William P. Lightfoot

LAW OFFICES
KOONZ, McKENNEY,
JOHNSON, DePAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500