UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THERESA ROBERSON,<br><br>             Plaintiff,<br><br>     v.<br><br>THE DISTRICT OF COLUMBIA, et. al.,<br><br>             District. | C.A. NO. 07-00977 (JR) |

### DISTRICT' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant District of Columbia ("District"), by and through undersigned counsel, hereby answers the Amended Complaint in the above-captioned matter. The District asserts that anything not specifically admitted herein is denied, and answers the Amended Complaint as follows:

#### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

#### SECOND DEFENSE

The District states the following in response to the individually numbered paragraphs in the Amended Complaint.

### JURISDICTION AND VENUE

1. The allegations asserted in paragraph 1 of the Amended Complaint are a legal conclusion to which no response is required. The District acknowledges the statutes cited in paragraph 1 of the Amended Complaint, but does not admit that jurisdiction necessarily is conferred therefrom.

2. The allegations asserted in paragraph 2 of the Amended Complaint are a legal conclusion to which no response is required. The District acknowledges the statute cited in

paragraph 2 of the Amended Complaint, but does not admit that jurisdiction necessarily is conferred therefrom.

3. The allegations asserted in paragraph 3 of the Amended Complaint are legal conclusions to which no response is required. The District does not admit that venue is proper in this matter.

## PARTIES

4. The District is without sufficient information to admit or deny the allegations contained in paragraph 4 of the Amended Complaint.

5. The District admits the allegations contained in paragraph 5 of the Amended Complaint.

6. The allegations asserted in paragraph 6 of the Amended Complaint are legal conclusions to which no response is required. The District denies all other factual allegations contained in paragraph 6 and demands strict proof thereof at trial.

7. The District admits the allegations contained in paragraph 7 of the Amended Complaint.

8. The District admits the allegations contained in paragraph 8 of the Amended Complaint.

9. The District denies the allegations contained in paragraph 9 of the Amended Complaint.

10. The District denies the allegations contained in paragraph 10 of the Amended Complaint.

11. The District admits the allegations contained in paragraph 11 of the Amended Complaint.

12. The District admits the allegations contained in paragraph 12 of the Amended Complaint.

13. The allegations asserted in paragraph 13 of the Amended Complaint are legal conclusions to which no response is required. The District denies all other factual allegations contained in paragraph 13 and demands strict proof thereof at trial.

## FACTS

14. The District denies the allegations contained in paragraph 14 of the Amended Complaint and states that Mr. Martin was admitted to St. Elizabeths on March 31, 2004.

15. The District admits the allegations contained in paragraph 15 of the Amended Complaint.

16. The District admits the allegations contained in paragraph 16 of the Amended Complaint.

17. The District admits the allegations contained in paragraph 17 of the Amended Complaint.

18. The District admits that Mr. Martin died on March 12, 2005. The District denies all other factual allegations contained in paragraph 18 and demands strict proof thereof at trial.

## COUNT I: NEGLIGENCE

19. In response to paragraph 19, the District incorporates its answers to paragraphs 1 through 18 as stated above. The District admits that between April 1, 2004 through April 4, 2004, decedent Alan E. Martin was under the professional care of the District of Columbia through St. Elizabeth's Hospital. The remaining allegations asserted in paragraph 19 of the Amended Complaint are legal conclusions to which no response is required. The District denies all remaining factual allegations contained in paragraph 19 and demands strict proof thereof at trial.

20. The allegations asserted in paragraph 20 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 20 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

21. The allegations asserted in paragraph 21 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 21 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

22. The allegations asserted in paragraph 22 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 22 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

23. The allegations asserted in paragraph 23 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 23 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

24. The allegations asserted in paragraph 24 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 24 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

### COUNT II:  NEGLIGENT HIRING, TRAINING AND SUPERVISION

25. In response to paragraph 25, the District incorporates its answers to paragraphs 1 through 24 as stated above. The District admits that between April 1, 2004 through April 4, 2004, decedent Alan E. Martin was under the professional care of the District of Columbia through St. Elizabeth's Hospital. The remaining allegations asserted in paragraph 25 of the Amended Complaint are legal conclusions to which no response is required. The District denies all remaining factual allegations contained in paragraph 25 and demands strict proof thereof at trial.

26. The allegations asserted in paragraph 26 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 26 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

27. The allegations asserted in paragraph 27 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 27 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

28. The allegations asserted in paragraph 28 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 28 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

29. The allegations asserted in paragraph 29 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 29 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

## COUNT III:  42 U.S.C. § 1983—CIVIL RIGHTS VIOLATION

30. In response to paragraph 30, the District incorporates its answers to paragraphs 1 through 29 as stated above. The remaining allegations asserted in paragraph 30 of the Amended Complaint are legal conclusions to which no response is required. The District denies all remaining factual allegations contained in paragraph 30 and demands strict proof thereof at trial.

31. The District admits that between April 1, 2004 through April 4, 2004, decedent Alan E. Martin was under the professional care of the District of Columbia through St. Elizabeth's Hospital. The remaining allegations asserted in paragraph 31 of the Amended Complaint are legal conclusions to which no response is required. The District denies all remaining factual allegations contained in paragraph 31 and demands strict proof thereof at trial.

32. The allegations asserted in paragraph 32 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 32 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

33. The allegations asserted in paragraph 33 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 33 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

34. The allegations asserted in paragraph 34 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 34 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

## COUNT IV: SURVIVAL ACTION

35. In response to paragraph 35, the District incorporates its answers to paragraphs 1 through 35 as stated above. The District acknowledges the statute cited in paragraph 35 of the Amended Complaint, but does not admit that jurisdiction necessarily is conferred therefrom.

36. The allegations asserted in paragraph 36 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 36 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

37. The allegations asserted in paragraph 37 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 37 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

**FURTHER ANSWERING**, the District denies all allegations of wrongdoing, intentional,

negligent or otherwise, not specifically denied or otherwise responded to herein.

### THIRD DEFENSE

If decedent was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from decedent's own willful conduct or contributory negligence.

### FOURTH DEFENSE

If decedent was injured and/or damaged as alleged in the Amended Complaint, recovery for said injuries and/or damages is barred, because the decedent assumed the risk of such injuries.

### FIFTH DEFENSE

If the decedent was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

### SIXTH DEFENSE

If decedent was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

### SEVENTH DEFENSE

The District, its agents, servants, and/or employees acting within the course and scope of their employment, performed their obligations, if any, toward decedent in accord with all

applicable statutory, regulatory, constitutional, and common law requirements.

### EIGHTH DEFENSE

All actions performed by the District, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

### NINTH DEFENSE

The District, its agents, servants, and/or employees acting within the course and scope of their employment, acted in good faith and with the reasonable belief that those acts were lawful under the circumstances.

### TENTH DEFENSE

The District and/or its agents, servants, employees acting within the scope of their employment may be immune from liability under the doctrines of sovereign immunity, governmental immunity, privilege and/or official immunity.

### ELEVENTH DEFENSE

Plaintiff might have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

### TWELFTH DEFENSE

Plaintiff may have failed to mitigate damages.

### THIRTEENTH DEFENSE

The District is not liable for the unforeseeable, intervening criminal acts of third parties.

### FOURTEENTH DEFENSE

Plaintiff's claims might be barred by the applicable statute of limitations.

**THE DISTRICT** reserves the right to Amend its Answer.

### S<small>ET</small>-<small>OFF</small>

The District asserts a set-off for all funds and services provided to the decedent through Medicare, Medicaid, public assistance or other sources.

### J<small>URY</small> D<small>EMAND</small>

The District hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, the District prays the Court dismiss the Amended Complaint and award them the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

/s/Toni Michelle Jackson
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail: toni.jackson@dc.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September, 2007, I caused the foregoing Answer to Plaintiff's Amended Complaint to be filed with the Clerk of the Court using the ECF/CM System, which will send notification of such filing to:

**William Lightfoot**
**Paulette E. Chapman**
**Kelly J. Fisher**
**Koonz, McKenney, Johnson, DePaolis & Lightfoot, LLP**
**2001 Pennsylvania Avenue, N.W., Suite 450**
**Washington, D.C. 20006**

/s/Toni Michelle Jackson
TONI MICHELLE JACKSON
Assistant Attorney General